Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **N.D. ILL.** |
|---|---|
| Name (under which you were convicted): **ROBERT WAGNER** | Docket or Case No.: **04 CR 816** |
| Place of Confinement: **Federal Prison Camp, OXFORD, WI** | Prisoner No.: **75301-079** |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. | **ROBERT WAGNER** |

FILED DEC 21 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   **UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, CHICAGO, IL.**

   (b) Criminal docket or case number (if you know): **04 CR 816**

2. (a) Date of the judgment of conviction (if you know): **February 23, 2007**

   (b) Date of sentencing: **February 23, 2007**

3. Length of sentence: **24 MONTHS**

4. Nature of crime (all counts): **VIOLATION OF SUPERVISED RELEASE**

07CV 7200
JUDGE MANNING
MAGISTRATE JUDGE MASON

5. (a) What was your plea? (Check one)

   (1) Not guilty ❏   (2) Guilty ❏   (3) Nolo contendere (no contest) ❏

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ❏   Judge only ☒

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒
8. Did you appeal from the judgment of conviction?    Yes ☐    No ☒
9. If you did appeal, answer the following:

   (a) Name of court: _____

   (b) Docket or case number (if you know): _____

   (c) Result: _____

   (d) Date of result (if you know): _____

   (e) Citation to the case (if you know): _____

   (f) Grounds raised: _____

   _____
   _____
   _____
   _____
   _____
   _____

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☐

   If "Yes," answer the following:

   (1) Docket or case number (if you know): _____

   (2) Result: _____

   _____

   (3) Date of result (if you know): _____

   (4) Citation to the case (if you know): _____

   (5) Grounds raised: _____

   _____
   _____
   _____
   _____
   _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❏  No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❏  No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ❏  No ❏

(2) Second petition:  Yes ❏  No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: __MISCARRIAGE OF JUSTICE__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
I WAS GIVEN A 24 MONTH ON THE CLEAR UNDERSTANDING THAT I WOULD BE PUT IN A SUBSTANCE ABUSE PROGRAM. SEE ATTACHED TRANSCRIPT. I HAVE BEEN INCARCERATED SEVERAL MONTHS AT OXFORD, WI WHERE THERE IS NO PROGRAM AND NO COUNSELING. I HAVE BEEN TOLD I WILL NOT BE PUT IN ANY PROGRAM. MY SENTENCE SHOULD, THEREFORE, BE CORRECTED.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Page 14

Therefore, movant asks that the Court grant the following relief: __MODIFY SENTENCE TO TIME SERVED__

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on __12-17-07__ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

---

IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]
* * * * *

WAGNR223[2]

1

```
 1              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3
     UNITED STATES OF AMERICA,  )  No. 04 CR 816
 4                              )
              vs.               )  Chicago, Illinois
 5                              )
     ROBERT WAGNER,             )
 6                              )  February 23, 2007
                 Defendant.     )  11:00 a.m.
 7

 8                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE BLANCHE M. MANNING
 9

10   APPEARANCES:

11   For the Government:    MR. PATRICK J. KING, JR.
                            (United States Attorney's Office,
12                           219 South Dearborn Street, 5th Floor,
                            Chicago, Illinois  60604)
13

14   For the Defendant:     MR. CARL P. CLAVELLI
                            (Law Offices of Carl P. Clavelli,
15                           321 South Plymouth Court, Suite 1500,
                            Chicago, Illinois  60604)
16

17

18

19

20

21

22

23                      PATRICK J. MULLEN
                       Official Court Reporter
24             219 South Dearborn Street, Room 2128,
                     Chicago, Illinois  60604
25                        (312) 435-5565
```

2

WAGNR223[2]

5     It's a matter of how long it takes, and I'm going to
6  ask Your Honor to sentence him to one year.
7          MR. KING: Your Honor, this isn't a good situation.
8  You know, even as late as our last appearance, there was some
9  representation that he had turned the corner, that he was going
10 to do this. He had relatives, one of whom was a medical doctor
11 who'd take him in and change this. That's all fallen apart,
12 and we've gotten the positive drug tests.
13         I think a year doesn't accomplish anything. I really
14 think that we're kind of at a crossroads here. His probation
15 -- or his supervised release is set to expire in about two
16 weeks. So we either impose the 24-month sentence with the hope
17 that as a last chance we are giving him a chance to get the
18 500-hour intensive treatment program or we just let the
19 supervised release expire because it just isn't going to
20 accomplish anything to extend it for any length of time.
21         There's resources that he's taking from other people,
22 and it just isn't going to happen. In the outside, he's not
23 going to make it. Those are two harsh realities, but I think
24 that's the only --
25         THE COURT: Well, the way I look at it, if I just

                                                              5


1  impose the sentence of a year, I'm punishing him. If I impose
2  a sentence of 24 months, I'm helping him. Just based on the
3  information that I have, it does not appear that it's going to
4  be effective if it's for one year --
5          MR. CLAVELLI: Well, it's certainly not going to --
6          THE COURT: -- based upon --
7          MR. CLAVELLI: It's certainly not going to be
                              Page 4

WAGNR223[2]

8  effective if the Bureau of Prisons won't consider him for the
9  program unless he's got the 24 months.
10            THE COURT:  Right.
11            MR. CLAVELLI:  That may be the hard reality.
12            THE COURT:  Well, you know, unfortunately it seems
13 harsh.  But on the other hand, it seems harsher to not try to
14 do something that is going to help this young man to, you know,
15 get rid of this monster.  It just --
16            How old are you, sir?
17            THE DEFENDANT:  40.
18            THE COURT:  40?  Okay.
19            MR. CLAVELLI:  Your Honor, I spoke with my client's
20 sister this morning.  It's the first contact I've had with a
21 family member.  I explained to her what we've done over the
22 last three months, hoping that he could get this under control.
23 She advised me that the family was aware there was a problem,
24 but she didn't think the family was aware of the scope of the
25 problem.  So there has been some support there, but obviously

                                                              6

1  not enough.
2            THE COURT:  All right.  I've already made a finding
3  of violation.
4            MR. CLAVELLI:  Yes, Judge.
5            THE COURT:  I'm going to impose a sentence of 24
6  months in the Bureau of Prisons, you know, with the
7  understanding that it will be for the purpose of him being
8  evaluated and designated to the -- well, I will designate him
9  to the Bureau of Prisons Intensive Drug Treatment Program.

Page 5

WAGNR223[2]

10      MR. CLAVELLI: I would ask that the order specify
11 that because I know then that they will.
12      THE COURT: That's what the order will specify.
13      MR. CLAVELLI: Thank you, Judge.
14      THE COURT: Mr. Wagner, I certainly don't do this
15 with the thought that I'm imposing punishment. It just
16 appears, you know, I frankly couldn't believe it when
17 Mr. Zamarelli told me that the last three drops in February --
18 and we're still in February -- were positive. You know, it's
19 just clear that you need help. You know, it's unfortunate. I
20 don't take any pleasure in doing this, but I think that it's
21 going to be for your best, you know, to your benefit. So that
22 will be the order. The only question that comes now is --
23      THE CLERK: He needs a surrender date.
24      THE COURT: I'm just trying to see if they will
25 contact him.

7

1      (Discussion of the record.)
2      THE COURT: You know, maybe I should check with the
3 U.S. Marshal now.
4      MR. KING: I think we should, Judge, because you --
5      THE COURT: I'm going to check with the U.S.
6 Marshal's Service now.
7      (Discussion off the record.)
8      THE COURT: Okay. We've been advised by Mr. Robinson
9 that he can either self-surrender or be taken up now.
10      MR. KING: Okay.
11      (Discussion off the record.)
12      THE COURT: All right, Mr. Wagner. You may step up

WAGNR223[2]

13 again, sir.
14     THE DEFENDANT: Yes, ma'am.
15     THE COURT: All right. As I indicated to you, I'm
16 going to impose a sentence of 24 months with the understanding
17 that it is for purposes of participating specifically in that
18 program, the residential drug abuse treatment program.
19     Now, I take it -- I'm assuming if there's any
20 difficulty with him being put into that program, do you have
21 any idea whether we'll be notified? I don't want to impose a
22 24-month sentence if he's not going to be put into that
23 program.
24     MR. ZAMARELLI: Typically, Your Honor, if they are
25 unable to accommodate that request, they will notify the Court.

8

1 Then at that point Your Honor can change the sentence.
2     THE COURT: So I can change the sentence.
3     MR. KING: If it's a specific condition of the
4 sentence, I think.
5     MR. ZAMARELLI: Your Honor, in other cases where a
6 judge will recommend that they go to a specific institution, if
7 the BOP isn't able to accommodate that, they notify the court
8 of that in writing.
9     THE COURT: Okay. Because that is basically the
10 reason that I am imposing the 24 months, so that he can take
11 advantage of the program. I think, you know, he's got a long
12 time to live, and he should be able to be clean. So that's why
13 I'm doing this. So that will be the order, 24 months.
14     Just a moment. I want to make sure I've got

Page 7

WAGNR223[2]
```
15  everything because I see something that's conflicting with
16  that.
17          (Discussion off the record.)
18          THE COURT: All right. That will be the order, 24
19  months, and I will allow you to self-surrender today. You will
20  surrender to the U.S. Marshal's Service up on the 24th floor.
21          MR. CLAVELLI: Your Honor, my client has asked me a
22  question. I think I understand, but let me put it on the
23  record.
24          THE COURT: Okay.
25          MR. CLAVELLI: If he gets out before the 24 months,
```

                                                                    9

```
1   he'll have the balance of that period to serve, but otherwise
2   the 24 months terminates his sentence?
3           THE COURT: Yes, that's my understanding.
4           Is that your understanding, Mr. Zamarelli?
5           MR. ZAMARELLI: When you say "serves," do you mean
6   incarceration or are you talking about the --
7           MR. CLAVELLI: If they release him in 18 months
8   because, you know --
9           THE COURT: Because he's clean?
10          MR. CLAVELLI: -- because he's finished the program,
11  he still has six months on the sentence, doesn't he?
12          MR. ZAMARELLI: Yeah. The last six months with this
13  program is typically at the halfway house here in Chicago.
14          THE COURT: Okay. So he won't be still incarcerated
15  if they see that he can -- if they see that he's good to go in
16  18 months.
17          MR. ZAMARELLI: Correct.
```
Page 8

WAGNR223[2]

18　　　　THE COURT: They won't keep him beyond that time. At
19　whatever time they deem appropriate, they'll send him back to
20　the halfway house.
21　　　　MR. ZAMARELLI: That's correct, Your Honor.
22　　　　MR. CLAVELLI: And then there's no supervised
23　release.
24　　　　THE COURT: That's correct.
25　　　　MR. ZAMARELLI: Okay.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　10

1　　　　THE COURT: All right? That will be the order.
2　　　　MR. CLAVELLI: Thank you, Judge.
3　　　　MR. ZAMARELLI: Thank you, Your Honor.
4　　　　THE COURT: Sure. Good luck to you, sir.
5　　　　THE DEFENDANT: Thank you.
6　　　(Discussion off the record.)
7　　　　THE COURT: Mr. Clavelli, I suppose I should advise
8　Mr. Wagner that he can appeal this decision.
9　　　　Within ten days of today's date, if you wish, you may
10　appeal this Court's decision.
11　　　　MR. CLAVELLI: We did consent to the entry of the
12　violation. We did admit the violation.
13　　　　THE COURT: Right. Well, even on a guilty plea, you
14　can still appeal.
15　　　　MR. CLAVELLI: Okay.
16　　　　THE COURT: So if you're unable to afford a lawyer or
17　a transcript of these proceedings, they'll be provided to you
18　free of charge. All right? Good luck to you, sir.
19　　　　THE DEFENDANT: Thank you.

```
                    WAGNR223[2]
20        MR. CLAVELLI:  Thank you, Judge.

21        MR. KING:  Thank you, Your Honor.

22   (Proceedings concluded.)

23

24

25
```

                                                                11


```
 1                C E R T I F I C A T E

 2        I, Patrick J. Mullen, do hereby certify that the
     foregoing is a complete, true, and accurate transcript of the
 3   proceedings had in the above-entitled case before the Honorable
     BLANCHE M. MANNING, one of the judges of said court in Chicago,
 4   Illinois, on February 23, 2007.

 5                              _____
                                     Official Court Reporter
 6                                 United States District Court
                                   Northern District of Illinois
 7                                       Eastern Division

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22
```

WAGNR223[2]

23

24

25

☐=